IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT PALMER ROLLINS,

Plaintiff,

v.  Civil Action No. 3:17cv762

NANCY A. BERRYHILL,
*Acting Commissioner of*
*Social Security Administration*

Defendant.

## MEMORANDUM OPINION

Plaintiff Robert Palmer Rollins challenges the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). This matter comes before the Court on the Report and Recommendation ("R&R") prepared by the Honorable David J. Novak, United States Magistrate Judge, (ECF No. 19), addressing the parties' cross-motions for summary judgment, (Pl.'s Mot. Summ. J., ECF No. 14; Def.'s Mot. Summ. J., ECF No. 16). The Magistrate Judge recommends that this Court deny Rollins's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and uphold the final decision of the Commissioner. Rollins objects to the R&R ("Objection"). (Pl.'s Obj. R&R, ECF No. 20.) The Commissioner responded in opposition. (Def.'s Resp., ECF No. 22.) The Court exercises jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).[1] The Court dispenses with oral argument, as it would not materially aid the decisional process.

---

[1] Section 405(g) provides in relevant part, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he [or she] was a party . . . may obtain a review of such decision by a civil action . . . in [a] district court." Section 1383(c)(3) confirms that "[t]he final determination of the Commissioner after a hearing . . . shall be subject to judicial review as provided in section 405(g)."

For the reasons articulated below, the Court will overrule Rollins's objection and adopt the R&R. Accordingly, the Court will deny Rollins's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and affirm the Commissioner's decision.

## I. Factual and Procedural Background

### A. Rollins's Background and Medical History

Rollins is a fifty-six-year-old high school graduate. (R. 43.) He worked as an electrician from 1981 until 2009. (R. 44–45, 229.) Rollins stopped working in 2009. (R. 44.) On September 25, 2013, Rollins applied for DIB and SSI, alleging disability beginning in 2012.[2] (R. 70, 81, 94, 106.) He claims disability based on nerve damage in his right foot and Hepatitis C. (R. 220.) In addition, Rollins suffers from peripheral neuropathy in the right lower extremity, fibromyalgia, and obesity. (R. 22, 42.) According to Rollins, these severe impairments affect his daily life. (R. 238–39, 241.)

### B. Procedural History

Rollins applied for DIB and SSI under the Social Security Act (the "Act"). (R. 70, 81.) At the time he filed those applications, Rollins alleged an onset date of disability of December 5, 2012. (*Id.*) The Social Security Administration ("SSA") denied his claims and denied his later request for reconsideration. (R. 68–69, 92–93.) Rollins then requested that an Administrative Law Judge ("ALJ") review his case. The ALJ conducted a hearing and found against Rollins. (R. 20–32, 37–67.) The Appeals Council subsequently denied Rollins's request for review, rendering the ALJ's decision the final determination of the Commissioner. (R. 4.)

---

[2] Rollins was fifty years old on the alleged onset date. (R. 43.)

Rollins then sought judicial review of the ALJ's decision and this Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).[3] Rollins filed a Motion for Summary Judgment, arguing that substantial evidence does not support the ALJ's residual functional capacity ("RFC") finding and that, as a result, the RFC is a product of legal error. (Pl.'s Mem. Supp. Mot. Summ. J. 1–2, 10–16, ECF No. 15; *see also* R&R 1.) The Commissioner filed a Motion for Summary Judgment. The Magistrate Judge considered the parties' cross-motions for summary judgement and issued an R&R. Rollins timely filed his Objection to the R&R in this Court, and the Commissioner properly responded. The Court addresses Rollins's Objection below.

## II. Standard of Review

### A. Appellate Standard of Review

This Court reviews *de novo* any part of the Magistrate Judge's R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C);[4] Fed. R. Civ. P. 72(b)(3).[5] In doing so, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Judicial review of a final decision regarding disability benefits requires that this Court "'uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were

---

[3] The subsection generally permits a District Court Judge to refer any motion to a magistrate judge for the limited purpose of conducting a hearing and submitting a recommended ruling, with certain exceptions not applicable here. 28 U.S.C. § 636(b)(1)(B).

[4] The subsection provides: "The magistrate judge shall file his [or her] proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties." 28 U.S.C. § 636(b)(1)(C).

[5] The rule provides that, in resolving objections, "[t]he district court must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

3

reached through application of the correct legal standard.'" *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). Substantial evidence requires "more than a mere scintilla of evidence but less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (quoting *Hancock*, 667 F.3d at 472).

If substantial evidence does not support the ALJ's decision, or if the ALJ has made an error of law, the Court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro*, 270 F.3d at 176 (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)).

### B. **Evaluating Residual Functional Capacity (RFC)**

Because this case involves a decision determining eligibility for benefits, the Court reviews "whether the ALJ's finding . . . was reached based upon the correct application of the relevant law." *Craig*, 76 F.3d at 589 (citing *Coffman*, 829 F.2d at 517). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002); *see* 20 C.F.R. §§ 416.920(a)(4), 404.1520.

In step one, the "ALJ asks . . . whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; [and,] at step three, whether the medical impairments meet or equal an impairment listed in the regulations." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). "Satisfying step 3 warrants an automatic finding of disability, and relieves the decision maker from proceeding to

steps 4 and 5." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (citing 20 C.F.R. § 404.1520(a)(1)).

"If the claimant satisfies steps 1 and 2, but not step 3, then the decision maker must determine the claimant's residual functional capacity, that is, an evaluation of [his or] her ability to perform work despite [his or] her limitations ('RFC assessment')." *Id.* (citing 20 C.F.R. § 404.1520(e)). "The Administration has specified the manner in which an ALJ should assess a claimant's RFC." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019). A claimant's RFC assessment considers his or her capacity to perform sustained physical and mental activities on a regular and continuous basis, in spite of his or her limitations. *See* SSR 96-8p (policy interpretation for assessing RFC). To formulate the RFC, "[t]he ALJ must consider all of the claimant's physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect the claimant's ability to work." *Thomas*, 916 F.3d at 311 (internal quotation marks and alterations omitted). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p. "Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas*, 916 F.3d at 311.

After conducting the RFC assessment, the ALJ proceeds to step four and considers whether the claimant could continue performing the work that he or she did in the past; if not, the ALJ moves on to step five. *Patterson*, 846 F.3d at 659; *see also* 20 C.F.R. § 404.1520(a)(4)(iv) (noting step four considers "past relevant work"). "At step five, the ALJ determines whether the claimant—given [his or] her RFC, [his or] her age, [his or] her education, and [his or] her prior

work experience—can do any other work that 'exists in significant numbers in the national economy.'" *Thomas*, 916 F.3d at 310 (quoting 20 C.F.R. § 416.960(c)(2)).

If, at any step of the analysis, the ALJ determines that the claimant is not disabled, the inquiry must stop and the ALJ must deny the claim. 20 C.F.R. § 404.1520(a)(4). "For the first four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner." *Thomas*, 916 F.3d at 310.

### III. Analysis

In his Objection, Rollins objects to the magistrate judge's finding that substantial evidence supports the ALJ's RFC assessment. Accordingly, this Court will limit its analysis to that issue. *See United States v. George*, 971 F.2d 1113, 1117 (4th Cir. 1992) ("[T]he court . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." (citation and quotation marks omitted)).

Rollins argues that the R&R erroneously found that substantial evidence supports the ALJ's assessment of Rollins's RFC because the record lacked sufficient medical opinions to support this finding.[6] Rollins posits that the ALJ's determination that he was more limited than any doctor opined further shows that the record did "not give any indication of what [Rollins] is capable of doing in a work setting for eight hours a day, five days a week." (Pl.'s Obj. R & R 2,

---

[6] The ALJ concluded:

> After careful consideration of the entire record, . . . the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant is able to: lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently, but he is limited to only frequent pushing and pulling with the right lower extremity; stand and/or walk for six hours total in an eight-hour day but for only two hours at one time; sit six hours in an eight-hour day; frequently crouch, crawl, and climb ramps and stairs (he has no limitations in his ability to stoop or kneel); occasionally balance; never climb ladders, ropes, or scaffolds.

(R. 25.)

ECF No. 20.) Rollins further asserts that the R&R erroneously found that the ALJ accurately evaluated what Rollins could do because "no medical professional has provided the necessary information to support the ALJ's RFC assessment." (Pl.'s Obj. R&R 3.) Rollins challenges the ALJ's ability to read and consider his medical records and reach conclusions based on such record. Because the record lacked sufficient evidence, Rollins argues, the ALJ "should have ordered a consultative examination or asked a medical expert to testify at the hearing" before determining his RFC. (Pl.'s Obj. R&R 5.) The Court now addresses Rollins's challenge to his RFC.

### A. Substantial Evidence Supports the ALJ's Determination of Rollins's RFC

In the R&R, the Magistrate Judge thoroughly analyzed the argument in Rollins's summary judgment motion and memorandum challenging the ALJ's RFC determination. The Court writes only to address three cases that Rollins cites in his Objection to the R&R,[7] which he did not identify in his initial motion for summary judgment, for his argument that the ALJ determined his RFC in error: *Satterfield v. Berryhill*, No. 1:16-CV-221, 2018 WL 1692929, (N.D.W. Va. Jan. 16, 2018), *report and recommendation adopted*, No. 1:16-CV-221, 2018 WL 824498 (N.D.W. Va. Feb. 12, 2018); *Davis v. Berryhill*, No. 1:16-CV-61, 2017 WL 5129933 (N.D.W. Va. Aug. 8, 2017), *report and recommendation adopted*, No. 1:16-CV-61, 2017 WL 3736667 (N.D.W. Va. Aug. 30, 2017); and *Kendle v. Colvin*, No. 3:16-CV-27, 2016 WL 7337147 (N.D.W. Va. Nov. 30, 2016), *report and recommendation adopted sub nom. Kendle v.*

---

[7] As the Commissioner notes, Rollins also cites in his Objection a social security treatise that misquotes the applicable RFC regulations. (Def.'s Resp. 4, ECF No. 22.) The treatise goes on to explain, however, that "[t]he claimant's [RFC] is ultimately an administrative determination reserved to the Commissioner and the ALJ bears the primary responsibility for assessing a claimant's [RFC] based on all relevant evidence." (Pl.'s Obj. R&R Ex. A 2, ECF No. 20-1) (internal quotation marks and citation omitted). Thus, the treatise identifies that the RFC is an administrative assessment based on the totality of the record. In any event, the treatise is not binding authority and not persuasive here.

*Comm'r of Soc. Sec.*, No. 3:16-CV-27, 2016 WL 7335638 (N.D.W. Va. Dec. 16, 2016). (Pl.'s Obj. R&R 4, ECF No. 20.)[8]

Rollins contends that these cases stand for the proposition "that an ALJ is not qualified to determine Plaintiff's RFC based on nothing but treatment notes." (Pl.'s Obj. R&R 4.) Rollins argues that, like each of the West Virginia cases, the ALJ determined his RFC without substantial evidence or medical opinions necessary to support the RFC formulation. As a result, the ALJ evaluating his case committed an "error requiring remand." (Pl.'s Resp. to Def's Mot. Summ. J. 2, ECF No. 17; Pl.'s Obj. R&R 4–5.)

The cases on which Rollins relies, however, are readily distinguishable. In each case, the ALJ made a decision that did not consider the totality of the record, omitted key evidence from the decision, or afforded the incorrect weight to certain opinions or testimony. In *Satterfield*, for example, the magistrate judge issued an R&R recommending that the district court grant plaintiff's motion for summary judgment because the "mischaracterizations, omissions, unsupported medical conclusions and questionable assumptions" contained in the ALJ's decisions were at odds with the record. *Satterfield v. Berryhill*, No. 1:16-CV-221, 2018 WL 1692929 at *33 (N.D.W. Va. Jan. 16, 2018). The district court adopted the report and recommendation and remanded the case after finding that the ALJ "had improperly supported an adverse credibility finding with his own perception of [the claimant's] drug-seeking behavior, despite the fact that there were medically documented independent bases to support her allegations." *Satterfield v. Berryhill*, No. 1:16-CV-221, 2018 WL 824498, at *1 (N.D.W. Va.

---

[8] The Court notes that the R&R thoroughly addressed two of the other cases on which Rollins relies, *Forquer v. Colvin*, No. 1:15CV57, 2016 WL 4250364, at *1 (N.D.W. Va. Aug. 11, 2016) and *Lafferty v. Colvin*, No. 1:16CV15, 2017 WL 836917, at *1 (N.D.W. Va. Mar. 3, 2017). (Pl.'s Obj. R&R 4–5, ECF No. 20.) The Court agrees with the Magistrate Judge's analysis of these cases, particularly as applied to the issues Rollins raises. As a result, the Court need not repeat that analysis here.

8

Feb. 12, 2018) (internal quotation marks and alterations omitted). The district court in particular noted that the "ALJ focused on intuitive notions about . . . motivation to work and drug use, rather than address conflicting evidence and engage in an appropriate analysis of factors such as medication, daily activities, and work history." *Id.* at *1 (internal quotation marks and citations omitted). The district court found additional fault with the RFC because the ALJ provided no citations to medical evidence or medical sources for certain conclusions. *Id.*

Similarly, in *Davis*, the magistrate judge issued an R&R recommending that the district court grant plaintiff's motion for summary judgment because the ALJ mischaracterized, misinterpreted, or ignored relevant evidence in the record. *Davis v. Berryhill*, No. 1:16-CV-61, 2017 WL 5129933, at *22, 36 (N.D.W. Va. Aug. 8, 2017). The district court adopted the report and recommendation after recognizing that the ALJ failed to support his decision with "substantial evidence because he had based it on his own lay interpretation of the medical evidence." *Davis v. Berryhill*, No. 1:16-CV-61, 2017 WL 3736667, at *1 (N.D.W. Va. Aug. 30, 2017) (internal quotation marks and citation omitted). For instance, the district court noted that the ALJ discounted the opinion of the claimant's "treating physician of seven years, choosing instead to credit a consultative examiner who saw the claimant only twice."[9] *Id.* The district court further remarked that the ALJ had characterized the claimant's mental status examinations as "normal," even though much of the record indicated otherwise. *Id.* at 18.[10] And in *Kendle*,

---

[9] The regulations direct decision makers to afford treating physician testimony controlling weight. *See Brown*, 873 F.3d at 255 (the regulations recognize "a treating physician rule that accords the greatest weight—controlling weight—to the opinions of the claimant's treating sources").

[10] As that report and recommendation marked the third time a judge had found improper the ALJ's attempts to discredit the numerous medical opinions contained in that record, the district court reversed the Commissioner's decision and remanded the case solely for the purpose of calculating benefits. *Davis*, 2017 WL 5129933, at *36, *report and recommendation adopted*, 2017 WL 3736667.

the magistrate judge issued an R&R recommending that the district court grant plaintiff's motion for summary judgment because the ALJ disregarded evidence from the multiple doctors who evaluated the claimant, and instead favored "his own assessment without substantial evidence for doing so, and without support from the record." *Kendle v. Colvin*, No. 3:16-CV-27, 2016 WL 7337147 at *19 (N.D.W. Va. Nov. 30, 2016), *report and recommendation adopted sub nom. Kendle v. Comm'r of Soc. Sec.*, No. 3:16-CV-27, 2016 WL 7335638 (N.D.W. Va. Dec. 16, 2016).

In contrast, the ALJ here performed a proper RFC analysis that "included a comprehensive review of the evidence supporting [Rollins's] RFC assessment," (R&R 7), a logical explanation drawn from that evidence, and a conclusion. *See Thomas*, 916 F.3d at 311. In conducting the RFC assessment, the ALJ discussed at length the objective medical evidence contained in the record. (R. 25–30.) The ALJ provided reasons for the weight assessed to each medical opinion. (R. 25–30.) The ALJ considered the opinions of a consultative examiner and the state agency medical records, and correctly noted that state agency medical consultants are treated as "expert opinion evidence from nonexamining sources." (R. 27–29.) The ALJ linked her conclusions with specific references to the record, accorded "great deference to the claimant's complaints," (R. 30), noted where his testimony conflicted with "lack of mention of such difficulties to medical professionals," (R. 30), and observed that "there is no evidence that these symptoms significantly impact the claimant's mental functioning," (R. 30). The ALJ included a function-by-function review. (R. 30.) Because the ALJ based her decision on the record as a whole, she did not supplant the medical opinions with that of her own. In sum, substantial evidence supports the ALJ's determination of Rollins's RFC, and this case is distinguishable from the Northern District of West Virginia cases on which he relies. The Court will overrule Rollins' Objection in this regard.

B.  **Because the ALJ sufficiently considered the evidence of record she was not required to obtain additional medical opinions.**

Rollins contends that the lack of support for the ALJ's RFC assessment shows that the ALJ "should have ordered a consultative examination or asked a medical expert to testify at the hearing." (Pl.'s Obj. R&R 5.) The R&R addresses the same argument, and the Court agrees with the analysis that the Magistrate Judge provided.[11] Because substantial evidence in the record supports the ALJ's RFC determination, the ALJ did not abuse her discretion when she declined to order an additional consultative examination. For the same reason, the ALJ did not need to include expert medical testimony at Rollins's hearing. The Court will overrule Rollins' Objection in this regard.

## IV. Conclusion

Substantial evidence supports the ALJ's factual findings and the RFC assessment is not a product of legal error. This Court has thoroughly examined the record and overrules Rollins's Objection and adopts the Report and Recommendation of the Magistrate Judge in its entirety. Accordingly, Plaintiff's Motion for Summary Judgment will be denied, Defendant's Motion for Summary Judgment will be granted, and the final decision of the Commissioner will be affirmed.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: March 22, 2019
Richmond, Virginia

---

[11] The ALJ has discretion in deciding whether to order a consultative examination. 20 C.F.R. §§ 404.1519a, 416.919a. The regulations further provide that a consultative examination is required when the evidence as a whole is insufficient to support a decision. *Id.*

11